Filed 7/26/22  In re Gary S. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re GARY S., a Person Coming Under the Juvenile Court Law. | B315840 (Los Angeles County Super. Ct. No. FJ57524) |
| THE PEOPLE, Plaintiff and Respondent, v. GARY S., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Miguel Espinoza, Judge.  Affirmed.

California Appellate Project and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Gary S. appeals from order denying a motion to suppress evidence and declaring appellant a ward of the court pursuant to Welfare and

Institutions Code section 602 upon a finding that he committed misdemeanor possession of a firearm by a minor (Pen. Code, § 29610). He was placed on home of probation in the home of his mother.

The evidence at the adjudication hearing established that around 12:45 a.m. on May 24, 2021, two officers with the Los Angeles Police Department were driving on patrol when one officer saw a male teenager, later identified as Joseph R., standing on the sidewalk next to a parked car. The car's front passenger door was open, and four or five people were sitting inside the car. The officer noticed Joseph R. because he was wearing a backpack and holding what appeared to be a nitrous oxide tank.[1]

The officers approached Joseph R. and the parked car. Appellant and the other individuals inside the car were seen attempting to conceal open containers of alcohol. An officer ordered appellant and his cohorts to get out of the car while his partner conducted a patdown search of Joseph R. During the patdown search, the officer felt several jars inside Joseph R.'s backpack that the officer believed carried narcotics. A search inside Joseph R.'s backpack revealed bags of narcotics and a loaded semi-automatic pistol. A second firearm was recovered from Joseph R.'s waistband.

Joseph R., appellant, and several other individuals were placed in handcuffs. As an officer inspected the firearms, appellant

---

[1]     It is a misdemeanor to possess nitrous oxide with the intent to ingest it for purposes of causing a condition of intoxication. (Pen. Code, § 381b.) It is also a misdemeanor to distribute or offer to sell nitrous oxide to any person under 18 years of age. (*Id.*, § 381c, subd. (b).)

"spontaneously" admitted owning the firearm that officers had located inside Joseph R.'s backpack. When asked his age, appellant stated he was 16 years old. Appellant was arrested for possession of the firearm and taken into custody.

Appellant filed a motion to suppress his spontaneous admission to police that he owned the firearm located in Joseph R.'s backpack, arguing that his statement was the fruit of an unlawful detention. Based on the evidence adduced at the adjudication hearing, the court denied the motion and found appellant to be a person described by Welfare and Institutions Code section 602.

After review of the record, appellant's court-appointed counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On March 3, 2022, we notified appellant that he had 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider. To date, we have received no response.

We have examined the entire record and are satisfied that no arguable issues exist and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the orders entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

//

//

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

3

WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.